UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOUCHSTONE RESEARCH GROUP LLC,
JOHN DOES 1-50, and JANE DOES 1-50,

                Plaintiffs,

    -v-

DEPARTMENT OF DEFENSE, *et al.*,

                Defendants.

18 Civ. 3451 (OTW)

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

SAMUEL DOLINGER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ......................................................................................................3

ARGUMENT ...........................................................................................................4

I.  THE ACTION SHOULD BE DISMISSED BECAUSE TOUCHSTONE'S
    VARIOUS CAUSES OF ACTION FAIL TO STATE A CLAIM TO RELIEF
    UNDER RULE 12(b)(6) ....................................................................................4

    A.  Touchstone's Privacy Act Claims Fail to State a Claim...........................4

        1.  Touchstone Is Precluded from Asserting a Claim Under the
            Privacy Act...................................................................................5

        2.  Touchstone's Interpretation of the Privacy Act Is Incorrect.......6

        3.  The Claims Brought on Behalf of "John Doe" and "Jane Doe"
            Plaintiffs Fail to State a Claim ....................................................8

        4.  Touchstone's "John Doe" and "Jane Doe" Claims Should
            Alternatively Be Dismissed Under Rule 10(a) ............................9

    B.  Touchstone's APA Claims Fail to State a Claim...................................12

        1.  Touchstone's APA Claims Are Precluded to the Extent They Seek
            Relief for a Purported Privacy Act Violation ............................12

        2.  Touchstone Fails Plausibly to Allege Final Agency Action.....13

        3.  Touchstone Cites No Relevant Law Limiting Agency Discretion ...........14

        4.  Touchstone's Business Interests Fall Outside the Privacy Act's
            Protected Zone of Interests Under the APA ...............................15

        5.  Touchstone's APA "Appeal Process" Claim Is Meritless .........17

    C.  Touchstone's Claims Are Time-Barred, at Least in Part.......................18

    D.  None of Touchstone's Claims Give Rise to a Cause of Action for
        Damages...............................................................................................18

    E.  Individual Government Officials Are Not Proper Defendants Under the
        Privacy Act, and May Be Sued Under the APA Only When They Are the
        Appropriate Officers Responsible for the Agency Action....................20

II. ALTERNATIVELY, THE CASE SHOULD BE DISMISSED UNDER RULE
    12(b)(3) BECAUSE VENUE IS IMPROPER IN THIS DISTRICT...............21

CONCLUSION.....................................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Ahuruonye v. U.S. Dep't of Interior*,
  312 F. Supp. 3d 1 (D.D.C. 2018) ........................................................ 20

*Am. Fed'n of Gov't Emps. v. Hawley*,
  543 F. Supp. 2d 44 (D.D.C. 2008) .................................................... 5, 6

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
  671 F.3d 140 (2d Cir. 2011) ................................................................ 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................... 4, 9, 24

*Bartel v. FAA*,
  725 F.2d 1403 (D.C. Cir. 1984) ............................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................ 4, 9

*Bennett v. Spear*,
  520 U.S. 154 (1997) .......................................................... 12, 13, 14

*Bowen v. Massachusetts*,
  487 U.S. 879 (1988) ...................................................................... 12

*Boyd v. Chertoff*,
  540 F. Supp. 2d 210 (D.D.C. 2008) .................................................... 8

*Brewer v. SmithKline Beacham Corp.*,
  774 F. Supp. 2d 720 (E.D. Pa. 2011) ................................................ 23

*Brezler v. Mills*,
  220 F. Supp. 3d 303 (E.D.N.Y. 2016) .............................................. 20

*Bryant v. Comm'r*,
  No. 14 Civ. 5764 (LTS) (JCF), 2015 WL 6758094 (S.D.N.Y. Nov. 5, 2015) ........................ 18

*Cantor Fitzgerald Inc. v. Lutnick*,
  313 F.3d 704 (2d Cir. 2002) ................................................................ 4

*Capitol Records, Inc. v. Naxos of Am., Inc.*,
  372 F.3d 471 (2d Cir. 2004) ................................................................ 6

*Caremark Therapeutic Servs. v. Leavitt*,
  405 F. Supp. 2d 454 (S.D.N.Y. 2005) .......................................... 21, 25

*Cell Assocs., Inc. v. Nat'l Institutes of Health*,
  579 F.2d 1155 (9th Cir. 1978) ............................................................ 5

*CFTC v. Wilson*,
  27 F. Supp. 3d 517 (S.D.N.Y. 2014) .................................................. 21

*Chichakli v. Kerry*,
   203 F. Supp. 3d 48 (D.D.C. 2016) ........................................................................... 20

*Clark Cty. Bancorp. v. U.S. Dep't of Treasury*,
   No. 13 Civ. 632 (JEB), 2014 WL 5140004 (D.D.C. Sept. 19, 2014) ........................ 5

*Clarke v. Sec. Indus. Ass'n*,
   479 U.S. 388 (1987) ................................................................................................ 15

*Copeland v. DOJ*,
   No. 15 Civ. 3569 (VB), 2015 WL 12831710 (S.D.N.Y. Oct. 5, 2015) .................... 25

*County of Westchester v. HUD*,
   778 F.3d 412 (2d Cir. 2015) .................................................................................... 12

*Crede CG III, Ltd. v. 22nd Century Grp., Inc.*,
   No. 16 Civ. 3103 (KPF), 2017 WL 280818 (S.D.N.Y. Jan. 20, 2017) .................... 22

*Dejong v. Prod. Assocs., Inc.*,
   No. 14 Civ. 2357 (MMM) (DTBX), 2015 WL 1285282 (C.D. Cal. Mar. 19, 2015) .............. 23

*Dick v. Holder*,
   67 F. Supp. 3d 167 (D.D.C. 2014) ........................................................................... 20

*Doe I v. Four Bros. Pizza*,
   No. 13 Civ. 1505 (VB), 2013 WL 6083414 (S.D.N.Y. Nov. 19, 2013) .................... 11

*Doe v. Delta Airlines, Inc.*,
   310 F.R.D. 222 (S.D.N.Y. 2015) ............................................................................. 11

*Doe v. Fedcap Rehab. Servs., Inc.*,
   No. 17 Civ. 8220 (JPO), 2018 WL 2021588 (S.D.N.Y. Apr. 27, 2018) .................. 10

*Doe v. Greiner*,
   662 F. Supp. 2d 355 (S.D.N.Y. 2009) ..................................................................... 10

*Doe v. United States*,
   No. 16 Civ. 7256 (JGK), 2017 WL 2389701 (S.D.N.Y. June 1, 2017) .................... 10

*Dresser Indus., Inc. v. United States*,
   596 F.2d 1231 (5th Cir. 1979) .............................................................................. 5, 6

*FAA v. Cooper*,
   566 U.S. 284 (2012) ................................................................................................ 19

*Guerrilla Girls, Inc. v. Kaz*,
   224 F.R.D. 571 (S.D.N.Y. 2004) ............................................................................. 10

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005) ............................................................................. 22, 24

*Hertz Corp v. Friend*,
   559 U.S. 77 (2010) ........................................................................................... 23, 24

*Ivey v. Duncan*,
  No. 13 Civ. 576 (APM), 2016 WL 1452326 (D.D.C. Apr. 13, 2016) ..................................... 13

*Jaen v. Sessions*,
  899 F.3d 182 (2d Cir. 2018).................................................................................................. 17

*Jaufman v. Levine*,
  No. 06 Civ. 1295 (NAM) (DRH), 2007 WL 2891987 (N.D.N.Y. Sept. 28, 2007) ................. 11

*JS Barkats PLLC v. Blue Sphere Corp.*,
  No. 16 Civ. 8404 (RA), 2017 WL 2930935 (S.D.N.Y. July 10, 2017) ................................... 23

*Kalsson v. U.S. Fed. Election Comm'n*,
  356 F. Supp. 2d 371 (S.D.N.Y. 2005)................................................................................... 11

*King v. Time Warner Cable Inc.*,
  894 F.3d 473 (2d Cir. 2018)..................................................................................................... 7

*Klein v. City of New York*,
  No. 10 Civ. 9568 (LAK) (JLC), 2011 WL 3370402 (S.D.N.Y. Aug. 3, 2011) ................. 10, 11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014)................................................................................................... 15, 17

*Lovell v. Dep't of Justice*,
  589 F. Supp. 150 (D.D.C. 1984) ........................................................................................... 19

*Lunney v. United States*,
  319 F.3d 550 (2d Cir. 2003)............................................................................................ 14, 15

*Lyons v. Litton Loan Servicing LP*,
  158 F. Supp. 3d 211 (S.D.N.Y. 2016).................................................................................... 3

*Macvest Grp., Inc. v. United States*,
  No. 17 Civ. 9833, 2018 WL 443457 (D.N.J. Jan. 16, 2018) ................................................... 5

*Mandel v. OPM*,
  244 F. Supp. 2d 146 (E.D.N.Y. 2003) ................................................................................... 16

*Martinez v. Bureau of Prisons*,
  444 F.3d 620 (D.C. Cir. 2006) ............................................................................................... 20

*Michael v. Bloomberg L.P.*,
  No. 14 Civ. 2657 (TPG), 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015)................................... 11

*Mittleman v. U.S. Treasury*,
  773 F. Supp. 442 (D.D.C. 1991) ........................................................................................... 13

*Norton v. S. Utah Wilderness*,
  *All.*, 542 U.S. 55 (2004) ....................................................................................................... 14

*Person v. Google Inc.*,
  456 F. Supp. 2d 488 (S.D.N.Y. 2006).................................................................................... 21

*Polanco v. DEA,*
    158 F.3d 647 (2d Cir. 1998) .......................................................................... 18

*Polewsky v. SSA,*
    101 F.3d 108, 1996 WL 110179 (2d Cir. 1996) ....................................... 8

*Public Emps. for Envtl. Responsibility v. EPA,*
    926 F. Supp. 2d 48 (D.D.C. 2013) ...................................................... 5, 6, 8

*Richardson v. Bd. of Governors of the Fed. Reserve Sys.,*
    248 F. Supp. 3d 91 (D.D.C. 2017) ............................................................ 12

*SAE Prods., Inc. v. FBI,*
    589 F. Supp. 2d 76 (D.D.C. 2008) .......................................................... 5, 6

*Saks v. Franklin Covey Co.,*
    316 F.3d 337 (2d Cir. 2003) ........................................................................ 5

*Salazar v. King,*
    822 F.3d 61 (2d Cir. 2016) ......................................................................... 15

*Sealed Plaintiff v. Sealed Defendant,*
    537 F.3d 185 (2d Cir. 2008) ...................................................................... 10

*Serotte, Reich & Wilson, LLP v. Montante,*
    No. 05 Civ. 284S, 2009 WL 3055294 (W.D.N.Y. Sept. 21, 2009) ......... 20

*Socialist Workers Party v. Attorney Gen.,*
    642 F. Supp. 1357 (S.D.N.Y. 1986) ........................................................... 5

*Solidarity with People of El Salvador (CISPES) v. Sessions,*
    738 F. Supp. 544 (D.D.C. 1990) ................................................................. 5

*Tripp v. Dep't of Def.,*
    193 F. Supp. 2d 229 (D.D.C. 2002) .......................................................... 13

*Ward v. Brown,*
    22 F.3d 516 (2d Cir. 1994) ........................................................................ 20

*Westcott v. McHugh,*
    39 F. Supp. 3d 21 (D.D.C. 2014) .............................................................. 12

*Williams v. Fanning,*
    63 F. Supp. 3d 88 (D.D.C. 2014) .............................................................. 20

*Wilson v. McHugh,*
    842 F. Supp. 2d 310 (D.D.C. 2012) .......................................................... 13

**FEDERAL STATUTES**

5 U.S.C. § 552a ................................................................................................... *passim*

5 U.S.C. § 701 ............................................................................................. 1, 12, 14

5 U.S.C. § 702 ........................................................................................................ 19

5 U.S.C. § 704 ................................................................................................. 12, 13

5 U.S.C. § 706 ........................................................................................... 12, 14, 17

28 U.S.C. § 1391 ............................................................................................. 22, 24

28 U.S.C. § 1406 ................................................................................................... 25

28 U.S.C. § 2401 ................................................................................................... 18

**STATE STATUTES**

N.Y. LLC Law § 802 ............................................................................................. 24

N.Y. LLC Law § 808 ............................................................................................. 24

**REGULATIONS**

32 C.F.R. § 310.4 ............................................................................................. 7, 15

32 C.F.R. pt. 505 ..................................................................................................... 7

32 C.F.R. § 505.5 ....................................................................................... 16, 17, 18

32 C.F.R. § 701.101 ................................................................................................ 7

## PRELIMINARY STATEMENT

Plaintiff Touchstone Research Group LLC ("Touchstone") is a third-party business that profits by offering a fee-based service to veterans to retrieve their military records. Claiming that policies or practices of Department of Defense offices have caused harm to its business model, Touchstone brings this action under the Privacy Act of 1974, 5 U.S.C. § 552a, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*

This action should be dismissed in its entirety because there is no statutory or regulatory basis that entitles Touchstone to the relief it seeks. Initially, Touchstone is ineligible to seek relief under the Privacy Act, which provides a cause of action only to "individuals"—not to business entities like Touchstone. Moreover, Touchstone's claim of entitlement to third parties' records is based on an implausible and incorrect reading of a provision of the Privacy Act that expressly *prohibits* disclosure to unauthorized parties, and does not mandate the disclosure of records to third-party business services like Touchstone.

Indeed, Touchstone's own request—for access to individual military veterans' records, in service of its own business profit—runs counter to the intent of the Privacy Act. Through the Act, Congress aimed to ensure that individuals' government records remain out of the hands of third parties, except under narrowly circumscribed exceptions. While the Privacy Act provides a mechanism for individuals to seek access to their own records, the law provides no rights to businesses, and the government must seek sufficient information to verify the validity of requests to ensure that records are not improperly released to unauthorized third parties.

In its amended complaint, Touchstone now purports to assert claims on behalf of 100 anonymous "John Doe" and "Jane Doe" plaintiffs, who are ostensibly individual veterans who are customers of Touchstone's record-retrieval services. But the "John Doe" claims also do not state a plausible claim to relief because the allegations fail to identify a single individual veteran

who was denied access to his or her records.  Touchstone's failure to name the "John Doe" plaintiffs also violates Rule 10(a), which requires parties to litigate in their own names unless the Court grants permission to proceed anonymously.  No such permission has been granted, nor would it be appropriate here, as this is not a case involving the types of intimate subject matter in which it is permitted for parties to proceed anonymously, and allowing the John Doe claims to proceed anonymously would prejudice the government.  Thus, the John Doe claims should be dismissed.

Touchstone's APA claims also fail.  First, the APA claims depend on alleged violations of the Privacy Act, but an APA claim does not lie where there is an alternative statutory basis for relief, including through the Privacy Act in particular.  Next, the APA claims are non-justiciable because Touchstone has not shown that any of the alleged decisions by the military were final agency actions subject to APA review, nor that the agency's discretion in making those decisions is limited by law.  Further, Touchstone fails to state any APA claim premised on the Privacy Act because the purported harms it alleges do not fall within the zone of interests protected by the Act.  For these reasons and others set out below, Touchstone's causes of action fail to state a claim to relief, and the action should be dismissed.

Finally, venue is improper in this district.  Touchstone inaccurately states that it maintains its principal place of business in this district, when in fact all that it appears to maintain in the Southern District of New York is a rented mailbox—plainly not enough to serve as a basis for venue.  Nor does Touchstone plausibly assert that substantial and material events occurred in this district.  Touchstone's attempt to manufacture venue in this district through the addition of "John Doe" and "Jane Doe" plaintiffs, purported to be Touchstone customers who

reside in this district, should be rejected.  Accordingly, the action should, in the alternative, be dismissed under Rule 12(b)(3).

## BACKGROUND[1]

According to the operative amended complaint, Touchstone is a record-retrieval business that charges military veterans a fee to retrieve their military service records from the government.  Dkt. No. 34 ("Am. Compl.") ¶ 2.  Touchstone also purports to sue on behalf of 100 "John Doe" and "Jane Doe" veterans who are customers of Touchstone's record-retrieval services.  *Id.* ¶¶ 3-8.  Touchstone brings this suit against the United States, the Department of Defense ("DoD") and several individual DoD officials, named in their official capacities.  *Id.* ¶¶ 9-21.  The amended complaint alleges that Touchstone has been obstructed or delayed in its requests for access to veterans' records through DoD facilities.  *Id.* ¶¶ 35-39.  Touchstone also sought direct access to a DoD personnel database, the Defense Personnel Records Information Retrieval System ("DPRIS"), but asserts that its request was not acted upon.  *Id.* ¶¶ 40-50.

Touchstone filed this suit in April 2018.  *See* Dkt. No. 1.  The government sought a pre-motion conference regarding a motion to dismiss in June 2018, and the parties then proposed—and the Court adopted—a schedule for Touchstone to amend its complaint, and for the government to move to dismiss the amended complaint.  *See* Dkt. Nos. 30-31.  Touchstone filed the amended complaint in August 2018.  Dkt. No. 34.

The government now moves to dismiss the action in full.

---

[1] The well-pleaded allegations of the amended complaint are accepted as true for purposes of Defendants' motion to dismiss under Rule 12(b)(6) only.  *See, e.g.*, *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016).

## ARGUMENT

I.  **THE ACTION SHOULD BE DISMISSED BECAUSE TOUCHSTONE'S VARIOUS CAUSES OF ACTION FAIL TO STATE A CLAIM TO RELIEF UNDER RULE 12(b)(6)**

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  That said, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (a court need not give "credence to [a] plaintiff's conclusory allegations").  Dismissal is appropriate "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.

### A.  Touchstone's Privacy Act Claims Fail to State a Claim

"The Privacy Act safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records."  *Bartel v. FAA*, 725 F.2d 1403, 1407 (D.C. Cir. 1984).  Touchstone's Privacy Act claims would not advance any of the Act's purposes, and they fail to state a claim for a number of independent reasons.  First, at the threshold, Touchstone's claims are barred because the Privacy Act does not permit suit by corporate entities like Touchstone.  Second, Touchstone misconstrues the Privacy Act, whose statutory text provides no basis for its claims.  Third, the "John Doe" and "Jane Doe" claims do not plausibly state a claim to relief, as they are unsupported by factual information that could demonstrate any government denial of an individual's request for his or her own records.  Fourth, the "John Doe" and "Jane Doe" claims violate Rule 10(a) because they are not brought in the true names of any individuals seeking to retrieve their military records.

### 1. Touchstone Is Precluded from Asserting a Claim Under the Privacy Act

The Privacy Act's statutory text precludes Touchstone, a record-retrieval business that seeks individuals' military records in pursuit of its own commercial profit, from pursuing its claims. "Every exercise in statutory construction must begin with the words of the text." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 345 (2d Cir. 2003). The Privacy Act's text expressly permits only an "individual" to bring suit to enforce its provisions. 5 U.S.C. § 552a(g)(1). "The act defines 'individual' as 'a citizen of the United States or an alien lawfully admitted for permanent residence.'" *Am. Fed'n of Gov't Emps. v. Hawley*, 543 F. Supp. 2d 44, 50 n.8 (D.D.C. 2008) [hereinafter *AFGE*] (quoting 5 U.S.C. § 552a(a)(2)).

Because the text of the Privacy Act clearly extends rights only to individual natural persons—and not businesses like Touchstone—courts across the country have repeatedly concluded that the Privacy Act "extends no rights to organizations or corporations." *Public Emps. for Envtl. Responsibility v. EPA*, 926 F. Supp. 2d 48, 55 (D.D.C. 2013) [hereinafter *PEER*]; *accord Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1237 (5th Cir. 1979); *Cell Assocs., Inc. v. Nat'l Institutes of Health*, 579 F.2d 1155, 1157 (9th Cir. 1978); *Macvest Grp., Inc. v. United States*, No. 17 Civ. 9833, 2018 WL 443457, at *2 (D.N.J. Jan. 16, 2018) ("Claims under the Privacy Act may only be brought by individuals."); *Clark Cty. Bancorp. v. U.S. Dep't of Treasury*, No. 13 Civ. 632 (JEB), 2014 WL 5140004, at *11 (D.D.C. Sept. 19, 2014); *SAE Prods., Inc. v. FBI*, 589 F. Supp. 2d 76, 83 (D.D.C. 2008); *AFGE*, 543 F. Supp. 2d at 50 ("[O]nly individuals have standing to bring Privacy Act claims."); *Comm. in Solidarity with People of El Salvador (CISPES) v. Sessions*, 738 F. Supp. 544, 547 (D.D.C. 1990) ("[T]he Privacy Act does not confer standing upon organizations on their own or purporting to sue on behalf of their members."), *aff'd*, 929 F.2d 742 (D.C. Cir. 1991); *Socialist Workers Party v. Attorney Gen.*, 642

F. Supp. 1357, 1431 (S.D.N.Y. 1986) ("Only an individual, not an organization, has standing to obtain a remedy under the [Privacy] Act.").

Indeed, the text of the Privacy Act "permits no other interpretation." *AFGE*, 543 F. Supp. 2d at 50 n.8. And even if it did, the statute's "legislative history leaves no room for debate on this subject," as Congress used its definition of "individual" to "distinguish 'between the rights which are given to the citizen as an individual under [the Privacy] Act and the rights of proprietorships, businesses and corporations which are not intended to be covered by this Act.'" *Dresser Indus., Inc.*, 596 F.2d at 1237-38 (quoting S. Rep. No. 93-1183 (1974)). Moreover, courts have ruled that even "written consent" permitting the release of "records pertaining to [an individual] to a third party"—of the type that Touchstone alleges that it has received here— nonetheless does not allow a third-party entity to sue. *PEER*, 926 F. Supp. 2d at 55. Thus, because Touchstone, "as a corporation, has no standing to bring claims pursuant to the Privacy Act," *SAE Prods.*, 589 F. Supp. 2d at 83, its Privacy Act claims fail and should be dismissed.

## 2. Touchstone's Interpretation of the Privacy Act Is Incorrect

Even if Touchstone had the ability to maintain a Privacy Act suit at all, its claims (and those assertedly brought on behalf of the "John Doe" plaintiffs) nonetheless fail, because Touchstone misconstrues the operative provisions of the Act. Touchstone's theory relies on 5 U.S.C. § 552a(b), titled "Conditions of disclosure." *See* Am. Compl. ¶¶ 61, 77. But this provision of the Privacy Act expressly states a *prohibition* on disclosure, subject to certain exceptions, and provides that an agency generally may *not* disclose an individual's record "to any person," "except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). Thus, this subsection of the Act— contrary to Touchstone's legal theory—simply does not mandate access to records. Rather, it states only the conditions in which disclosure is *permissible*. *Cf. Capitol Records, Inc. v. Naxos*

6

*of Am., Inc.*, 372 F.3d 471, 480 (2d Cir. 2004) (noting the "logical fallacy of assuming that the inverse of a proposition is true"). Touchstone cannot turn this permissive phrase into a statutory command.[2]

Touchstone's interpretation is particularly implausible in light of the structure of the Privacy Act. "The words [of a statute] to be interpreted are not considered in isolation; rather, [the court] look[s] to the statutory scheme as a whole and plac[es] the particular provision within the context of that statute." *King v. Time Warner Cable Inc.*, 894 F.3d 473, 477 (2d Cir. 2018) (alterations and internal quotation marks omitted). Privacy Act § 552a(d) is plainly the operative provision that governs individuals' access to records, not § 552a(b). Section 552a(d) is entitled "Access to records," and furthermore, that provision explicitly grants an *individual* a right of access to "his record or to any information pertaining to him which is contained in the [agency's] system." 5 U.S.C. § 552a(d)(1).[3]

The Privacy Act provision that permits *individuals* to sue, § 552a(g), permits suit when an agency "refuses to comply with an individual request under subsection (d)(1) of this section." 5 U.S.C. § 552a(g)(1)(B). Notably, this section does not cross-reference § 552a(b), the general *prohibition* on dissemination of records, upon which Touchstone solely relies. *See* Am. Compl. ¶¶ 52, 61. Thus, there is no cause of action that permits the type of relief that Touchstone seeks—even were Touchstone's reading of § 552a(b) correct. Furthermore, for the reasons set

---

[2] DoD's Privacy Act regulations permit access by an individual's agent, but also state that "[c]orporations, . . . businesses, . . . and other commercial entities are not 'individuals' when acting in an entrepreneurial capacity with the DoD." 32 C.F.R. § 310.4; *accord, e.g.*, 32 C.F.R. pt. 505, Appx. H (Army regulations); 32 C.F.R. § 701.101(e) (Navy regulations).

[3] The Act provides that "a person of [the individual's] own choosing" may "accompany" the individual to "review the record and have a copy made of all or any portion thereof." 5 U.S.C. § 552a(d)(1). However, this section does not require the agency to produce records to a third party, and Touchstone does not claim that it is a "person" of an individual requester's choosing who sought to accompany the individual to review records in person.

out above, Touchstone—a third-party corporation—has no basis to exercise the right of any "individual" to access that individual's records. *See PEER*, 926 F. Supp. 2d at 55.

Touchstone alternative claim of "delayed" access to records, *see, e.g.*, Am. Compl. ¶¶ 89-93—and its concession that such records have in fact ultimately been released, *see id.* ¶ 39—further undercuts its claim. The release of records moots a claim of denial of access to records under the Privacy Act. *See, e.g.*, *Polewsky v. SSA*, 101 F.3d 108, 1996 WL 110179, at *2 (2d Cir. 1996) (unpublished) (affirming dismissal of Privacy Act claim because "an action to compel the production of the documents becomes moot" once a requester has "receive[d] the documents he seeks"); *accord Boyd v. Chertoff*, 540 F. Supp. 2d 210, 216 (D.D.C. 2008). Thus, to extent that the records in question have been released to the individuals to whom they pertain, any Privacy Act claims should be dismissed as moot.

For these reasons, all of Touchstone's claims premised on the Privacy Act—and in particular its first and fifth causes of action, which assert Touchstone's purported "right to access veteran records," Am. Compl. ¶ 54, *see id.* ¶ 89—fail to state a claim to relief.

### 3. The Claims Brought on Behalf of "John Doe" and "Jane Doe" Plaintiffs Fail to State a Claim

Touchstone's claims purportedly brought on behalf of 100 "John Doe" and "Jane Doe" plaintiffs also fail to state a claim to relief. The Privacy Act—as noted above—does provide a cause of action for individuals to compel the agency to produce records to the complainant. 5 U.S.C. § 552a(g)(3)(A). But Touchstone fails plausibly to assert that any individual veteran named as plaintiff in this action falls into this category. The "John Doe" claims are entirely conclusory, and do no more than mirror the elements of a Privacy Act claim. *See, e.g.*, Am. Compl. ¶¶ 4-8, 89-94. Because these allegations are nothing more than the "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," they "do not

suffice" to state a claim.  *Iqbal*, 556 U.S. at 678.

Notably, there are no specific "well-pleaded factual allegations," *id.* at 679, as to any

individual whose records are at issue, that would suffice to support any Privacy Act claim.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678

(quoting *Twombly*, 550 U.S. at 556).  Specifically, Touchstone (1) fails to identify a single

individual veteran requester by name; (2) fails to identify any specific dates when such

individual veterans made proper requests for records; (3) fails to allege factual information

supporting any agency refusal of such a request; and (4) fails to plausibly allege that any such

refusal was legally impermissible.  Instead, Touchstone makes only vague and conclusory

allegations that the agencies "denied record access and/or have deliberately delayed access to the

individual's designated representative Plaintiff TOUCHSTONE and therefore to the co-plaintiffs

[John and Jane Does]."  Am. Compl. ¶ 68; *see also id.* ¶¶ 89-94.

Because the John Doe and Jane Doe claims fail to set out "factual support" permitting

them to "nudge [their] alleged injury from one that is conceivable to one that is plausible,"

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011), the John Doe and

Jane Doe claims should be dismissed.

### 4. Touchstone's "John Doe" and "Jane Doe" Claims Should Alternatively Be Dismissed Under Rule 10(a)

In the alternative, Touchstone's purported "John Doe" and "Jane Doe" claims should be

dismissed under Rule 10(a).  As noted above, Touchstone purports to assert claims on behalf of

100 "John Doe" and "Jane Doe" individuals, who are allegedly Touchstone customers.  Am.

Compl. ¶¶ 3-8.  But "[a]s a general rule, parties may not litigate their disputes anonymously."

*Klein v. City of New York*, No. 10 Civ. 9568 (LAK) (JLC), 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011).  Touchstone's claims on behalf of these unnamed individuals violates Rule 10 of the Federal Rules of Civil Procedure, which states that "the complaint must name all the parties." Fed. R. Civ. P. 10(a).  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).  For this reason, an application to "omit [a party's] name from the caption is a request for extraordinary relief." *Doe v. Greiner*, 662 F. Supp. 2d 355, 359-60 (S.D.N.Y. 2009); *see Doe v. Fedcap Rehab. Servs., Inc.*, No. 17 Civ. 8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) (recognizing the "strong default rule that parties must proceed under their real names").

There are a "limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously" in certain circumstances. *Sealed Plaintiff*, 537 F.3d at 189 (brackets and internal quotation marks omitted).  But "[s]uch motions are usually granted in cases that deal with matters of the utmost intimacy"; courts "should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life."  *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (internal quotation marks omitted); *accord Doe v. United States*, No. 16 Civ. 7256 (JGK), 2017 WL 2389701, at *2 (S.D.N.Y. June 1, 2017) (collecting cases).

Here, Touchstone has made no showing that the John Doe and Jane Doe plaintiffs have a recognized interest in anonymity that outweighs "both the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff*, 537 F.3d at 189.  Moreover, no such reasons appear on the face of the record, as this "lawsuit does not involve a matter that is highly sensitive

and of a personal nature." *Klein*, 2011 WL 3370402, at *1.[4]  On the other side of the scale, the government's ability to litigate the case is prejudiced by Touchstone's assertion of claims on behalf of anonymous John and Jane Does, because Touchstone has failed to disclose any of the names of the individuals whose requests for information are at issue in this suit.  *See, e.g.*, *Doe I v. Four Bros. Pizza*, No. 13 Civ. 1505 (VB), 2013 WL 6083414, at *10 (S.D.N.Y. Nov. 19, 2013) (rejecting plaintiffs' request to proceed anonymously because "[w]ithout knowing who has brought suit against them, defendants will be hard-pressed to conduct an internal investigation to develop their defenses . . . on the merits of plaintiffs' claims" or "to proceed with discovery in a meaningful way").

In light of the foregoing, Touchstone's failure to comply with Rule 10(a) is an independent ground for dismissal of the John Doe and Jane Doe claims.  *See, e.g.*, *Michael v. Bloomberg L.P.*, No. 14 Civ. 2657 (TPG), 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) (dismissing complaint brought under a pseudonym unless amended complaint identifying the plaintiff by name was filed within 30 days); *Jaufman v. Levine*, No. 06 Civ. 1295 (NAM) (DRH), 2007 WL 2891987, at *5 (N.D.N.Y. Sept. 28, 2007) (dismissing complaint brought by John Doe plaintiffs under Rule 10(a)); *Kalsson v. U.S. Fed. Election Comm'n*, 356 F. Supp. 2d 371, 372 n.2 (S.D.N.Y. 2005) (noting prior dismissal without prejudice for failure to comply with Rule 10(a)).[5]

---

[4] Touchstone also does not claim that it cannot identify these individuals—nor could it, as they are claimed to be Touchstone's own customers, on whose behalf it allegedly made requests for military records.  *See* Am. Compl. ¶¶ 6-8.

[5] Alternatively, Touchstone should be ordered to amend its complaint to identify the 100 John Doe and Jane Doe plaintiffs.  *See, e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015) (ordering amended complaint identifying parties to be filed within 5 days of order), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (summary order).  Given the substantive defects of the John Doe and Jane Doe claims described above, however, dismissal is appropriate.

### B.      Touchstone's APA Claims Fail to State a Claim

The APA provides a "limited waiver of the federal government's sovereign immunity" to permit suits for non-monetary relief.  *County of Westchester v. HUD*, 778 F.3d 412, 417 (2d Cir. 2015).  The APA's waiver of sovereign immunity is limited to final agency actions that are not committed to agency discretion as a matter of law.  *Bennett v. Spear*, 520 U.S. 154, 175 (1997) (citing 5 U.S.C. §§ 701(a), 704).  A party may sue under the APA to "hold unlawful and set aside agency action, findings, and conclusions found to be . . .  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

Touchstone is barred from attempting to duplicate its Privacy Act claims under the APA. Furthermore, Touchstone has not shown that the actions challenged here are final agency actions, and that they are not committed to agency discretion.  Next, Touchstone—as a record-retrieval business—falls outside the zone of interests protected by the Privacy Act, and thus lacks statutory standing.  Because Touchstone has no right to relief under the Privacy Act, Touchstone fails to allege that any agency action herein could be set aside under the APA.  Last, Touchstone's fourth cause of action, which asserts that it was not provided an administrative appeal, is without merit.  For all these reasons, Touchstone's APA claims should be dismissed.

### 1.      Touchstone's APA Claims Are Precluded to the Extent They Seek Relief for a Purported Privacy Act Violation

The APA permits judicial review of "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  For this reason, courts have repeatedly recognized that "a plaintiff cannot bring an APA claim to obtain relief for an alleged Privacy Act violation." *Westcott v. McHugh*, 39 F. Supp. 3d 21, 33 (D.D.C. 2014); *accord Richardson v. Bd. of*

12

*Governors of the Fed. Reserve Sys.*, 248 F. Supp. 3d 91, 103 (D.D.C. 2017); *Wilson v. McHugh*, 842 F. Supp. 2d 310, 320 (D.D.C. 2012); *Tripp v. Dep't of Def.*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002); *Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991); *see Ivey v. Duncan*, No. 13 Civ. 576 (APM), 2016 WL 1452326, at *2 (D.D.C. Apr. 13, 2016) (dismissing APA claim even where Privacy Act claim was dismissed on other grounds, and concluding that there was "no contradiction between these two conclusions").  Accordingly, to the extent Touchstone seeks APA review for alleged violations of the Privacy Act, its claims are barred under 5 U.S.C. § 704.

### 2.      Touchstone Fails Plausibly to Allege Final Agency Action

As noted above, an APA suit may be brought only to challenge "final agency action."  5 U.S.C. § 704.  To be final, an action must satisfy two criteria: "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative nature.  And, second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"  *Bennett*, 520 U.S. at 177-78 (citations omitted).  Touchstone fails plausibly to allege that it is subject to a final decision by the agencies in question here regarding individual requests for records; indeed, while in some places in the complaint it alleges that it has been "refused" access to records, elsewhere it admits that it has received records but claims that receipt was "delayed."  *See, e.g.*, Am. Compl. ¶¶ 68-73.  Touchstone thus fails to allege that any of these individual records decisions is a final agency action subject to APA review.[6]  Moreover, Touchstone alleges that DoD or its components have implemented "rules and procedures" to "govern the disclosure" of individuals' information, *id.*

---

[6] Even if it had, such a claim would be precluded due to its overlap with the relief provided by the Privacy Act.  *See supra* Part I.B.1.

¶¶ 68, 75, but this allegation fails to define what specific "rules and procedures" are at issue, or to show that these are final for APA purposes.[7] Touchstone's vague and conclusory allegations fail to set out any agency action that was the "consummation" of an agency decisionmaking process, nor that any particular "legal consequences" flowed from the action. *Bennett*, 520 U.S. at 177-78. Thus, the APA claims should be dismissed for lack of final agency action.[8]

### 3. Touchstone Cites No Relevant Law Limiting Agency Discretion

Review is not available under the APA "to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). For an APA claim to survive, a plaintiff "must specify some statute or regulation that would limit the [agencies'] discretion" concerning the agency determinations at issue. *See Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003) (citing 5 U.S.C. § 701(a)(2)). Here, Touchstone has failed to cite any specific law or regulation providing such a limitation: it cites no portion of the Privacy Act or its implementing regulations that *require* the release of records to Touchstone's third-party record-retrieval business—much less that they do so within the timeframe that Touchstone desires. *See* Am.

---

[7] While it is unclear, Touchstone may be referring to its allegation that "[s]tarting in late 2016," certain DoD facilities "suddenly refused to process" Touchstone's requests "within hours as had been the previous policy," and now took longer periods of time to respond. Am. Compl. ¶ 39. But Touchstone admits that it received the records in question, and instead complains about the timeliness of receipt. Thus, even had it plausibly alleged the existence of a "policy," Touchstone fails to explain how it determined relevant legal "rights or obligations," *Bennett*, 520 U.S. at 178, given that Touchstone concedes that individual records requests continued to be processed.

[8] Touchstone does not appear to bring a claim to compel agency action allegedly "unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1) regarding its request for access to DPRIS. Even had it done so, such a claim would fail: Touchstone fails to allege a "*discrete* agency action" that DoD was "*required to take*" by law. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (citing 5 U.S.C. § 706(1)). Touchstone points only to a DoD directive that— like the DoD regulations—states that businesses "acting in an entrepreneurial capacity" are not "individuals" for purposes of access to individuals' information. *See* Department of Defense Privacy Program, DoD 5400.11-R, § DL1.8. Touchstone fails to specify how this agency directive constitutes a legal requirement for DoD to take action on its request, made in its commercial capacity as a record-retrieval business, to access a military records database.

Compl. ¶¶ 35-39.  Nor does Touchstone provide a valid statutory basis—in the Privacy Act or otherwise—for its claim that the Court should order the government to grant Touchstone access to a particular military records database, DPRIS.  *See id.* ¶¶ 40-50.  Instead, it repeats and extends the same flawed argument that, because the Privacy Act may *permit* access to a veteran's representative, it *requires* the military to provide a record-retrieval business with direct access to a military personnel records database.  *See id.* ¶¶ 44, 54; *see* 5 U.S.C. § 552a(b); 32 C.F.R. § 310.4.  The Privacy Act and its implementing regulations do not provide a "meaningful standard against which to judge the agency's exercise of discretion" at issue here.  *Lunney*, 319 F.3d at 558-59.  Therefore, Touchstone's APA claims should be dismissed.

### 4.    Touchstone's Business Interests Fall Outside the Privacy Act's Protected Zone of Interests Under the APA

"To bring a claim under the APA a plaintiff must . . . assert interests that are arguably within the zone of interests to be protected or regulated by the statute [it] claims was violated." *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016).  Touchstone also fails to state any APA claim premised on the Privacy Act because the purported harms it alleges do not fall within the interests protected by the Act.  This requirement, also known as "statutory standing," goes to the question whether Touchstone "falls within the class of plaintiffs whom Congress has authorized to sue." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 & n.4 (2014); *see Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987) ("The 'zone of interest' test is a guide for deciding whether . . . a particular plaintiff should be heard to complain of a particular agency decision.").  While the test is not "especially demanding," it forecloses suit if "the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Clarke*, 479 U.S. at 399.

Nothing in the text of the Privacy Act, nor its detailed statement of its purposes, suggests that Congress intended to permit APA suits on behalf of third-party record-retrieval businesses. Indeed, the statute suggests the opposite. *See* 5 U.S.C. § 552a(d)(1), (g)(1)(B) (permitting an "*individual* to gain access to his record" and suit where the agency "refuses to comply with an *individual* request" (emphases added)).  Congress, in passing the Privacy Act, made findings regarding the rationale for the law; unsurprisingly, they focus on protecting the privacy of individuals' personal information in the hands of federal agencies.  *See* Privacy Act of 1974, Pub. L. No. 93-579, § 2(a), *codified at* 5 U.S.C. § 552a note (congressional findings and statement of purpose).  Further, among the Act's principal purposes is to *prevent* the disclosure of information without an individual's consent or other lawful justification.  *See id.* § 2(b).  And indeed, the statute permits individuals to sue for unauthorized or otherwise unlawful disclosures. *See, e.g.*, *Mandel v. OPM*, 244 F. Supp. 2d 146, 150 (E.D.N.Y. 2003).

Touchstone's business interest in selling third-party record-retrieval services falls far outside the zone of interests protected by the Privacy Act.  Indeed, Touchstone's commercial interest is inconsistent with the purposes of the Act: this action seeks to enable Touchstone, a third party, to more quickly receive access to individuals' records in the hands of federal agencies.  *See, e.g.*, Am. Compl. ¶¶ 70-72, 75-80.  Touchstone's suit, if successful, could undermine agency controls intended to ensure that records protected by the Act are not disclosed to third parties without proper authorization.[9]  Touchstone's claim seeking business profits is so

---

[9] For instance, the Army's regulations state that an individual must "provide reasonable verification of identity" before the Army may "grant[] access to personal data."  32 C.F.R. § 505.5(c)(1).  When an individual seeks to have "have his or her records released directly to a third party," "reasonable proof of authorization must be obtained," and the "individual may be required to furnish a signed access authorization with a notarized signature or other proof of authenticity (i.e. telephonic confirmation) before granting the third party access."  *Id.* § 505(c)(6).

"marginally related" to the purposes of the Privacy Act that Congress cannot have intended to permit this suit.  *See Lexmark*, 134 S. Ct. at 1389.  Because Touchstone's APA claims rely on the Privacy Act as their source of substantive law, they should be dismissed on this basis.

### 5.  Touchstone's APA "Appeal Process" Claim Is Meritless

Touchstone's fourth cause of action alleges a violation of the APA based on the alleged failure of the Army Human Resources Command ("AHRC") to "provide an appeal process" for the alleged Privacy Act denials to Touchstone.  *See* Am. Compl. ¶¶ 83-87.  Privacy Act § 552a(f)(4), upon which Touchstone relies for this claim, *see* Am. Compl. ¶¶ 83, 85, provides that an agency's regulations must:

> establish procedures for reviewing a request from an individual concerning the amendment of any record or information pertaining to the individual, for making a determination on the request, for an appeal within the agency of an initial adverse agency determination, and for whatever additional means may be necessary for each individual to be able to exercise fully his rights under this section . . . .

5 U.S.C. § 552a(f)(4).[10]  Even if Touchstone plausibly alleged that any individual's records request had been denied, this claim also fails.  The Army has, in fact, promulgated regulations concerning denials of access and appeals from such denials.  *See* 32 C.F.R. § 505.5(i).  But Touchstone has not shown that either the Privacy Act or agency regulations permit, or require, that *Touchstone* be given any right to appeal.  If anyone is entitled to an appeal, it is the

---

[10] Touchstone asserts that 5 U.S.C. § 552a(f)(4) "requires the Defendants to provide an appeal process *for the denial of any Privacy Act request*."  *Id.* ¶ 83 (emphasis added).  But the structure of the Privacy Act suggests that this statement is overbroad.  Subsection (f)(4) concerns individuals' request for *amendment* of any record pertaining to them, and provides for appeals from the denial of an amendment.  Moreover, while subsection (f)(3) provides that agencies must "establish procedures for the disclosure to an individual upon his request of his record or information pertaining to him," § 552a(f)(3), this provision does not require the establishment of an appeal process, unlike § 552a(f)(4).  "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  *Jaen v. Sessions*, 899 F.3d 182, 189 (2d Cir. 2018) (quotation marks omitted).

individual requester.  *See* 5 U.S.C. § 552a(f)(4); 32 C.F.R. § 505.5(i)(6)(iv) (providing for notice

of the "*individual's* right" to appeal (emphasis added)).

Moreover, a plaintiff "must exhaust an agency's administrative remedies" before

asserting a Privacy Act claim.  *Bryant v. Comm'r*, No. 14 Civ. 5764 (LTS) (JCF), 2015 WL

6758094, at *13 (S.D.N.Y. Nov. 5, 2015) (collecting cases).  Touchstone appears to concede that

there was no appeal within 60 days of any denial by any individual requester, as the Army's

regulations require.  *See* 32 C.F.R. § 505.5(i)(6)(iv).  Accordingly, Touchstone's fourth cause of

action should be dismissed, because Touchstone has no right to appeal any denial of an

individual's access request under the Privacy Act or its regulations, and because the applicable

administrative process was not exhausted.

### C.     Touchstone's Claims Are Time-Barred, at Least in Part

Privacy Act claims are subject to a two-year statute of limitations under 5 U.S.C.

§ 552a(g)(5).  The six-year statute of limitations applicable to civil actions against federal

agencies under 28 U.S.C. § 2401 applies to Touchstone's APA claims.  *See Polanco v. DEA*, 158

F.3d 647, 652 (2d Cir. 1998)  One of Touchstone's principal claims rests on its allegation that

AHRC adopted a policy of refusing to respond to Touchstone's requests in 2011, when AHRC

consolidated its facilities in 2011.  Am. Compl. ¶¶ 35-38, 60-64, 89.  Because this action was not

commenced until April 2018—more than six years later—any related claim under either the

Privacy Act or the APA is foreclosed by the statute of limitations.  Moreover, Touchstone fails to

state a claim under the Privacy Act at all, as set out above in Part I.A, but even had Touchstone

stated any such claim, any Privacy Act claim that arose before April 2016 is time-barred.

### D.     None of Touchstone's Claims Give Rise to a Cause of Action for Damages

Touchstone impermissibly seeks damages for purported harm to its business interests,

through alleged monetary damages and harm to its "business reputation."  *See, e.g.*, Am. Compl.

¶¶ 63-64, 72, 79, 91-94.  But Touchstone's request for damages is precluded by both the Privacy Act and the APA.  First, as to the Privacy Act: not only is Touchstone not a proper plaintiff in a Privacy Act suit at all, for the reasons set out above in Part I.A.1, but the portion of the Act permitting certain damages for individual requesters plainly excludes Touchstone's request.  The Privacy Act provides that the United States is liable for damages "to the *individual*" whose records are at issue in the sum of "actual damages *sustained by the individual*."  5 U.S.C. § 552a(g)(4)(A) (emphasis added).  This alone precludes Touchstone's baseless claim to business damages under the Privacy Act.  Moreover, such damages are only available where an agency "acted in a manner which was intentional or willful" and in a "suit brought *under the provisions of subsection (g)(1)(C) or (D) of this section*," *id.* (emphasis added)—which limitation, notably, excludes an action under subsection (g)(1)(B) for an agency's refusal to provide an individual with access to records pursuant to § 552a(d)(1).  For the same reasons, the "John Doe" and "Jane Doe" claims also could not give rise to a damages remedy: if anything, the purported individual co-plaintiffs seek relief for a purported refusal to provide individuals their access to records under 5 U.S.C. § 552a(d)(1), but this gives rise only to a suit for injunctive relief.  5 U.S.C. § 552a(g)(1)(B); *see Lovell v. Dep't of Justice*, 589 F. Supp. 150, 152 n.2 (D.D.C. 1984) (holding that "the Act does not authorize recovery of damages for violations of" the provision allowing suits seeking access to records, § 552a(g)(1)(B)).[11]

To the extent Touchstone purports to seek monetary relief under the APA, *see* Am. Compl. ¶¶ 72-73, 79, 81, this fails because the APA permits suit only for "relief *other than*

---

[11] Even if Touchstone or the "John Doe" plaintiffs were eligible for any of the Privacy Act's damages provisions, they also failed to plausibly plead that they suffered "actual damages," which are limited to "actual pecuniary loss, which must be pleaded and proved"—not "loss of reputation" and other "general damages," for which the Privacy Act does not provide.  *See FAA v. Cooper*, 566 U.S. 284, 295-96 (2012).  No actual losses have been plausibly alleged.

*money damages*."  5 U.S.C. § 702 (emphasis added).  Thus, the APA "does not waive sovereign

immunity for money damages claims," and any such claims are barred.  *Ward v. Brown*, 22 F.3d

516, 520 (2d Cir. 1994).  For these reasons, Touchstone lacks any statutory basis for a damages

claim under either the Privacy Act or the APA, and any such claim should be dismissed.

> **E.    Individual Government Officials Are Not Proper Defendants Under the Privacy Act, and May Be Sued Under the APA Only When They Are the Appropriate Officers Responsible for the Agency Action**

"[T]he Privacy Act does not authorize claims against individuals."  *Ahuruonye v. U.S.*

*Dep't of Interior*, 312 F. Supp. 3d 1, 16 (D.D.C. 2018); *accord Martinez v. Bureau of Prisons*,

444 F.3d 620, 624 (D.C. Cir. 2006) ("no cause of action exists that would entitle [the plaintiff] to

relief from [individual defendants] under the Privacy Act").  Indeed, the Act's text expressly

permits suit only "against the agency."  5 U.S.C. § 552a(g)(1).  Thus, courts regularly dismiss

Privacy Act claims brought against individual defendants, *see, e.g.*, *Chichakli v. Kerry*, 203 F.

Supp. 3d 48, 53 (D.D.C. 2016), *aff'd sub nom. Chichakli v. Tillerson*, 882 F.3d 229 (D.C. Cir.

2018); *Dick v. Holder*, 67 F. Supp. 3d 167, 176 (D.D.C. 2014); *Williams v. Fanning*, 63 F. Supp.

3d 88, 90 n.2 (D.D.C. 2014), and the Court should do the same here.

Additionally, courts dismiss APA claims brought against individuals who are not the

"'appropriate officer[s]' responsible for the contested agency action."  *Brezler v. Mills*, 220 F.

Supp. 3d 303, 306 n.1 (E.D.N.Y. 2016) (citing 5 U.S.C. § 703); *see also Serotte, Reich &*

*Wilson, LLP v. Montante*, No. 05 Civ. 284S, 2009 WL 3055294, at *6 (W.D.N.Y. Sept. 21,

2009) (dismissing APA claim against individual whose conduct, "while underlying" the actions

challenged in the suit, was "not final agency action" subject to judicial review because it was

"subject to further review" within the agency).  Touchstone fails to specify or contest any final

agency action taken by Defendants James Mattis, Robert Wilkie,[12] and Michael Sorrento.  *See* Am. Compl. ¶¶ 13-18.  Instead, the amended complaint contains only conclusory allegations concerning these officials' authority, *id.*, and fails to plausibly set out that they are the "appropriate officers" for purposes of the APA.  Therefore, the APA claims against these individual officers, sued in their official capacities, should also be dismissed.

*     *     *

For all the foregoing reasons, Touchstone and its claimed individual "John Doe" and "Jane Doe" co-plaintiffs fail to state a claim to relief under the Privacy Act or the APA.  Accordingly, this action should be dismissed its entirety.

## II.   ALTERNATIVELY, THE CASE SHOULD BE DISMISSED UNDER RULE 12(b)(3) BECAUSE VENUE IS IMPROPER IN THIS DISTRICT

Touchstone fails to establish that the Southern District of New York is a proper district for this suit.  On a motion to dismiss for improper venue under Rule 12(b)(3), "the Plaintiff has the burden of pleading venue."  *Person v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006).  "The Court accepts facts alleged in the complaint as true and draws all reasonable inferences in the plaintiffs' favor."  *CFTC v. Wilson*, 27 F. Supp. 3d 517, 536 (S.D.N.Y. 2014) (alterations and internal quotation marks omitted).  However, "courts may consider materials outside the pleadings on a motion to dismiss for improper venue."  *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 457 (S.D.N.Y. 2005).  "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of venue.  But if the court

---

[12] The amended complaint misidentifies this individual as "Robert Wilke."  Moreover, before the amended complaint was filed, Robert Wilkie was confirmed as Secretary of Veterans Affairs and, accordingly, no longer serves as the Under Secretary of Defense for Personnel and Readiness.  Pursuant to Rule 25(d), Stephanie Barna, who is currently performing the duties of the Under Secretary of Defense for Personnel and Readiness, was automatically substituted.  Additionally, Peter A. Robinson is no longer serving as Chief of the Freedom of Information and Privacy Office of AHRC; the current Chief, Monique A. Wey, was automatically substituted.

holds an evidentiary hearing[,] the plaintiff must demonstrate venue by a preponderance of the evidence." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alterations omitted).

The Privacy Act contains its own venue provision, which provides that a Privacy Act action "may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552a(g)(5). For the APA claims, venue is appropriate for a claim against a United States agency, officer, or employee only in a judicial district where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). "[I]n a case in which a plaintiff brings multiple claims, the general rule is that venue must be proper for each claim." *Crede CG III, Ltd. v. 22nd Century Grp., Inc.*, No. 16 Civ. 3103 (KPF), 2017 WL 280818, at *8 (S.D.N.Y. Jan. 20, 2017) (internal brackets and quotation marks omitted).

This action should be dismissed under Rule 12(b)(3) because venue is improper in this district. Touchstone inaccurately states that it "maintains its principal place of business at 244 Fifth Avenue, New York, New York 10001." Am. Compl. ¶ 1; *see id.* ¶¶ 6, 26. But 244 Fifth Avenue does not house any Touchstone office at all: instead, it is the address of a mail forwarding service used by Touchstone. *See* Declaration of John Cianci ¶¶ 2-5. The amended complaint does not allege that Touchstone has any other business operations in this district.

For venue purposes, a plaintiff entity is "deemed to reside . . . only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2). A company's "principal place of business" is its "nerve center"—a "single place," usually the company's

"main headquarters," where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010) (construing 28 U.S.C. § 1332). The principal place of business is "a place *within* a State," and "not the State itself." *Id.* at 93. The Supreme Court opted for the nerve center test over other possibilities because it "promote[s] greater predictability," while a more complex jurisdictional test based on business operations could have "encourage[d] gamesmanship." *Id.* at 94.

Touchstone's sole claim about its business operations in New York is its assertion regarding 244 Fifth Avenue in Manhattan. Am. Compl. ¶¶ 1, 6. But the use of a mail forwarding service in Manhattan plainly does not render this district the home of the company's principal place of business. Touchstone cannot claim that a rented mailbox constitutes its "nerve center." Moreover, Touchstone does not allege that New York houses the corporation's "main headquarters," nor that its officers "direct, control, and coordinate the corporation's activities" from the mail-forwarding office at 244 Fifth Avenue. *See Hertz*, 559 U.S. at 92-23.

Indeed, the Supreme Court in *Hertz* rejected the premise that a rented mailbox could be the principal place of business, indicating specifically that an attempt to claim that a "mail drop box" is the principal place of business should be considered an attempt at "jurisdictional manipulation," which should be rejected in favor of the company's "place of actual direction, control, and coordination." *Id.* at 97; *see Dejong v. Prod. Assocs., Inc.*, No. 14 Civ. 2357 (MMM) (DTBX), 2015 WL 1285282, at *6 (C.D. Cal. Mar. 19, 2015) (rejecting argument that "virtual office" could constitute a company's principal place of business under *Hertz*); *Brewer v. SmithKline Beacham Corp.*, 774 F. Supp. 2d 720, 731-32 (E.D. Pa. 2011) (address from which mail was forwarded, which was "an office . . . the size of a closet" that was "not used to conduct any business," did not constitute company's principal place of business); *see also JS Barkats*

*PLLC v. Blue Sphere Corp.*, No. 16 Civ. 8404 (RA), 2017 WL 2930935, at *4 (S.D.N.Y. July 10,

2017) (address listed for company's "principal executive offices" on investment prospectus was

insufficient to establish that it was the company's principal place of business, given that such

offices "may be . . . 'nothing more than a mail drop box,'" given lack of "information indicating

that [the company's] officers actually direct, control, or coordinate the company's activities

from" the address in question (quoting *Hertz*, 559 U.S. at 97)).[13]  Accordingly, Touchstone has

failed to establish that its principal place of business is within this district, and accordingly it

cannot provide a basis for venue.

Furthermore, Touchstone's complaint does not provide factual support for the claim that

any significant and material event took place in this district.  The Second Circuit has directed

that district courts "take seriously the adjective 'substantial'" in construing the second prong of

§ 1391(e), and explained that "for venue to be proper, *significant* events or omissions *material* to

the plaintiff's claim must have occurred in the district in question, even if other material events

occurred elsewhere."  *Gulf Ins. Co.*, 417 F.3d at 357 (emphasis in original).  Here, Touchstone

pleads only the legal conclusion that a "substantial part of the events or omissions giving rise to

Plaintiffs' claims occurred here."  Am. Compl. ¶ 26.  Such conclusions are "not entitled to the

assumption of truth," *Iqbal*, 556 U.S. at 680, and provide no basis for venue.  Indeed,

Touchstone's allegations challenge the actions of military officials and employees in a variety of

---

[13] Furthermore, Touchstone is a Delaware LLC, Am. Compl. ¶ 1, which is not authorized to do
business as a foreign LLC in New York.  New York law requires foreign LLCs, "[b]efore doing
business in this state," to apply for authority to do business with the New York State Department
of State.  N.Y. LLC Law § 802(a); *see also id.* § 808(a) (providing that a foreign LLC doing
business in New York without authorization "may not maintain any action, suit or special
proceeding in any court of this state").  Touchstone has not been granted authorization to operate
in New York.  Thus, Touchstone appears to take the internally inconsistent positions that it is not
"doing business" in the state for purposes of New York law, but that its *principal place* of
business for venue purpose is in Manhattan.  The Court should reject this untenable position.

locations around the country—but none of these actions is alleged to have taken place in this district.  *See* Am. Compl. ¶¶ 28-50; *see also, e.g.*, *Copeland v. DOJ*, No. 15 Civ. 3569 (VB); 2015 WL 12831710, at *3 (S.D.N.Y. Oct. 5, 2015) (concluding that venue is improper in this district where the "complaint fails to establish that *any* of the events or omissions giving rise to any of the claims occurred in New York").  Nor does the amended complaint plead that any defendant resides in this district.  *See id.* ¶¶ 13-20.[14]

Touchstone attempts to manufacture venue—much as it attempts to produce a Privacy Act claim—by asserting that it sues on behalf of 100 "John Doe" and "Jane Doe" individual veterans who reside in this district.  *See* Am. Compl. ¶¶ 4-8.  The Court should reject this attempt to manufacture venue where none exists.  As set out above in Part I.A.3, the "John Doe" and "Jane Doe" claims lack any non-conclusory factual allegations, including allegations that could provide support for venue.  These unidentified individuals are purportedly Touchstone's customers, and thus Touchstone ostensibly has the ability to identify them, but has not done so.  Touchstone should not be permitted to engage in such transparent forum-shopping.

Because the amended complaint does not plausibly allege any material connection to this district, the case should be dismissed for improper venue pursuant to Rule 12(b)(3).[15]

## CONCLUSION

The Court should grant Defendants' motion to dismiss this action in its entirety under Rules 12(b)(6), 10(a), and 12(b)(3) of the Federal Rules of Civil Procedure.

---

[14] Even if Touchstone pleaded that Defendants maintained offices in this district—which it does not—it would fail to establish venue in any event.  A "federal agency does not reside in a district merely by virtue of having an office in that district."  *Caremark*, 405 F. Supp. 2d at 463.

[15] Under 28 U.S.C. § 1406(a), a district court that determines that venue is improper "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Due to the substantive defects in the complaint set out above, the government submits that it would not be in the interest of justice to transfer the case.

Dated: October 19, 2018
New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:  (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov