UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

TOUCHSTONE RESEARCH GROUP LLC,
JOHN DOES 1-50, and JANE DOES 1-50,           18-Civ. 3451 (OTW)

              Plaintiffs,

   vs.

DEPARTMENT OF DEFENSE, et als.,

              Defendants.
_____


MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE AMENDED COMPLAINT


TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, NJ 08833
Tel: (646) 613-8434 / (908) 236-2229
tdbarrow@ocean-law.com

Attorney for Plaintiffs

# **TABLE OF CONTENTS**

**Table of Authorities**   ……………………………………………………………….   ii


I.   **PRELIMINARY STATEMENT** …………………………………………   1


II.   **LEGAL ARGUMENT** …………………………………………………………   3


A.   *Plaintiffs' Amended Complaint Should Not Be Dismissed As Plausible Fact-Based Claims Have Been Pleaded Therein Requiring Denial Defendants' Motion*……...   3

  1. Standard of Review   ……………………………………………………….   3

  2. Plaintiffs' Factual Allegations Must Be Taken As True As Set Forth And All Reasonable Inferences Drawn In Favor of Plaintiffs In The Amended Complaint Establish Plausible Claims For Relief……………………………………………………………   4


  A.   *Plaintiff Touchstone Research Group LLC Is The Agent For The Requester of Military Records Authorized By An Express Limited Power Of Attorney And Is Entitled To Access Same On Behalf of Requesting Veterans Or Their Families*   ...........................   4,5

  B.   *Plaintiffs Have Standing To Sue As A Case or Controversy Is Evident Between Themselves And Defendants & Plaintiffs Are Within The Zone of Interests*   ……   5,6

  C.   Defendants' Actions & Lack of Action Have Denied Plaintiffs Procedural & Substantive Rights of Due Process Giving Rise To the Filing Of This Suit   ……   6, 7, 8, 9

  D.   The Actions and Inaction by Defendants Regarding Decisions Taken Against Plaintiffs Are Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Not In Accordance With Law Giving Rise To Plaintiffs' Claims   ……………………………   9

  E.   The Defendants' Motion To Dismiss Is An Exercise In *Post Hoc Rationalization* And Should Be Disregarded In Regard To Arguments Now Raised, But Are Not Part of the Prior Administrative Record   ………………………………………10,11

  F.   The Defendants' Motion To Dismiss For Improper Venue Should Be Dismissed Without Prejudice At This Time Pending Clarification and Substitution of Plaintiffs John and Jane Does And Obtaining Discovery From Defendants   ………11, 12


III.   **CONCLUSION** ………………………………………………………………..   12

# TABLE OF AUTHORITIES

*Cases*

*Association of Data Processing Service Organizations, Inc. v. Board of Governors,*
745 F.2d 677, 683 (DC Cir. 1984) …………………………… ……………………………….. 10

*Burlington Truck Lines v. U.S.*, 371 U.S. 156, 168-169 (1962)…………………………………….. 11

*Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 413-14, 419, 420 (1971)………. 9, 10

*Citizens United v. Schneiderman*, 882 F. 3d 374, 380 (2d Cir. 2018)……..…………………………. 3

*Clarke v. Sec. Indus. Assn.,* 479 U.S. 388, 399 (1987) …………………………………………….. 6

*Collado v. Astrue,* 2009 U.S. Dist. LEXIS 78053 *39-40, 42-43 (SDNY- May 27, 2009)………. 11

*Dickinson v. Zurko*,  527 U.S. 150,162-64 (1999)………..……………………………………….. 9

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007)……………………………………………………….. 3

*Feldheim v. Fin. Recovery Servs.*, 257 F. Sup.3d 361, 367 (S.D.N.Y. 2017)………………………… 3

*Goldberg v. Kelly*, 397 U.S. 254, 269-270 (1970)…….………………………………………… 6

*Londoner v. Denver,*, 210 U.S. 373, 386 (1908)……………………………………………… 7

*Mathews v. Eldridge*, 424 U.S. 319, 332-334  (1976).…………………………………………… 8, 9

*Montero v. City of Yonkers*, 890 F. 3d 386, 394 (2d Cir. 2018)………………………………….. 3

*Snell v. Apfel,*  177 F. 3d 128, 134 (2d Cir 1999) ………………………………………….. 11

*Warth v. Seldin*, 422 U.S. 490, 498 – 501 (1975)…………………………………………….. 5

*Wisconsin v. Constantineau,* 400 U.S. 433, 437 (1971)……..…………………………………… 7

*Withrow v. Larkin.*, 421 U.S. 35,46 (1975)…………………….... ……………………………. 6

*Statutes and Regulations*

5 U.S.C. § 552 a (b)  …………………………………………………………………………  4

5 U.S.C. § 706 (2) (A)  ……………………………………………………………………….. 9, 10

*Court Rules – Federal*

Fed. R. Civ. P. 12 (b)(6)  ……………………………………………………………………….. 1

**I.      PRELIMINARY STATEMENT**

In lieu of answering as permitted by Fed. R. Civ.P. 12 (b), Defendants have brought this Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, *inter alia*, based upon previously undisclosed legal issues that are now supported by *"post hoc rationale"* arguments made by defense counsel which the Court should disregard for the reasons set forth herein.

Furthermore, the motion to dismiss should be denied because Plaintiffs will have affirmatively demonstrated plausible claims for relief based upon the facts of the Defendants' wrongdoing as set forth in the Amended Complaint for the denial and delay of access to government records readily available to the requesting party or their designated representative – Touchstone Research Group LLC as the Requester's agent conferred by a Limited Power of Attorney. The Defendants mischaracterize this aforesaid principal-agent relationship by attempting to place the misleading label of "third party" upon Touchstone Research Group LLC in derogation of the Limited Power of Attorney to request and obtain military records in a timely manner.

Due to the lack of any formal responses or disclosures by Defendants of the record to the issues now argued by this motion, it can reasonably be inferred that all the while there has been no formal administrative fact-finding presented, no explanation of published written policies, no opportunity provided to Touchstone Research Group LLC to present contrary information or evidence plus an opportunity to be heard in any type of administrative hearing before an impartial decision-maker. These inferred facts demonstrating a lack of any administrative record constitute failures of the Defendants and violations of minimum due process procedural requirements resulting in obvious harm to Plaintiffs infringing the ability to timely process and obtain the requested records. The actions or lack thereof by Defendants constitute "arbitrary,

Capricious, an abuse of discretion, or otherwise not in accordance with law' within the meaning of the APA violating same as well as the Privacy Act resulting in the affirmative plausible claims set forth in the Amended Complaint. The matter should proceed requiring defense of these claims and an opportunity to obtain discovery to ascertain the breadth and scope of each Defendant's failures to comply with the law and to immediately cease visiting prejudice upon Plaintiffs.

## II.     LEGAL ARGUMENT

A.   *Plaintiffs' Amended Complaint Should Not Be Dismissed As Plausible Fact-Based Claims Have Been Pleaded Therein Requiring Denial of Defendants' Motion*

1.   Standard of Review

"To survive a motion to dismiss, a complaint need only to provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Citizens United v. Schneiderman*, 882 F. 3d 374, 380 (2d Cir. 2018) (*internal citations omitted*).  While "[…] accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff", "[t]he complaint's allegations, however must be 'plausible on [their] face,' a standard that 'asks for more than sheer possibility that a defendant acted unlawfully." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018)(*internal citations omitted*).  Again, the complaint must show the pleader is entitled to relief and "[w]hen ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint." *Feldheim v. Fin. Recovery Servs.*, 257 F. Supp. 3d 361, 367 (S.D.N.Y. 2017)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2. <u>Plaintiffs' Factual Allegations Must Be Taken As True As Set Forth And All Reasonable Inferences Drawn In Favor of Plaintiffs In The Amended Complaint Establish Plausible Claims For Relief</u>

    A. *Plaintiff Touchstone Research Group LLC Is The Agent For The Requester of Military Records Authorized By An Express Limited Power Of Attorney And Is Entitled To Access Same On Behalf of Requesting Veterans Or Their Families*

As stated in the heading above, Plaintiff Touchstone Research Group LLC (hereinafter "TRG") acts on behalf of its principal, the veteran or veteran's family, as an agent pursuant to a Limited Power of Attorney for the purpose of expeditiously retrieving military records on the principals behalf by paying TRG a fee for this service. *See* <u>Pltfs' Amended Complaint</u> at ¶¶ 2, 6, 7, 8.

Prior to requesting and obtaining any records, a three page document is provided to the veteran or family member by TRG to consider and sign with the Limited Power of Attorney set forth on the last page – Request Pertaining To Military Records at Section III, paragraph 2 contains the language of the POA and signature authorizing TRG to act on the Requester's behalf. *See* Decl. of Martin G. Bayerle, ¶¶ 3, 4 & annexed Exhibit 1 thereto.

Therefore, TRG is not requesting records held by Defendants for its own purposes as a corporation, but is securing the records of an individual on their behalf, at their request, and pursuant to the expressed legal authority set forth in the limited power of attorney obtained before any request is made for a military record. Accordingly, TRG and the requesting veteran have complied with the Conditions of Disclosure set forth in 5 U.S.C. § 552 a (b) of the Privacy Act of 1974 which provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency except pursuant to written request, or with the prior written consent of, the individual to whom the record pertains.

5 U.S.C. § 552 a (b). The power of attorney signed by the individual to whom the record pertains allows the disclosure of the record because of the consent embedded in the POA and the authority given to TRG.

-4-

Distorting the factual allegations set forth in the Amended Complaint, Defendants have mischaracterized Plaintiff TRG as a "third-party record-retrieval" service seeking disclosure of records as a third party without proper authorization. *See* Defs. Memorandum of Law In Supp. of Mot. to Dismiss at 16. Defendants choose to ignore the aforesaid limited Power of Attorney set forth in the Amended Complaint which must be taken as true and is further supported herein by the actual document and Declaration of TRG's Bayerle. These defense arguments must be disregarded as a derogation of the record evidenced by the filed Amended Complaint.

      B.     *Plaintiffs Have Standing To Sue As A Case or Controversy Is Evident Between Themselves And Defendants & Plaintiffs Are Within The Zone of Interests*

"In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III. This is the threshold question in every federal case." <u>Warth v. Seldin</u>, 422 U.S. 490 498 (1975). The Supreme Court continues stating "[…] the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of the court's remedial powers on his behalf." *Id*. at 498-499. "A federal court's jurisdiction therefore can be invoked when the plaintiff himself has suffered 'some threatened or actual injury from the putatively illegal action…". *Id*. at 499. Plaintiffs have standing because of the personal stake in procuring the military records from Defendants and having been same denied access or unreasonably delayed causes evident and injury when the records can be obtained expeditiously, and when not, causes delay to the requesting veteran and to the business reputation of TRG as set forth in the pleading whether by outright denial, circumventing the request or failing to process application for access to DPRIS, resulting refunds and chargebacks conferred by TRG to the principal for failure of effecting requested action in securing records. . *See* Plntffs' Amended Complaint, ¶¶ 32, 36-39, 45, 47- 50, 59-60, 62-64, 71-72, 78-80, 90-93.

One cannot reasonably disagree that the alleged harms do not fall within the zone of interests to be protected in the exercise of procuring these military records pursuant to a limited power of attorney granted expressly by the individual requester when seeking the right to review. In other words, the "zone of interest" test "[…] denies the right of review if the plaintiff's interests are so marginally related or inconsistent with the purposes implicit in the statute [here the APA and/or the Privacy Act] that it cannot be reasonably be assumed that Congress intended to permit the suit." *Clarke v. Sec. Indus. Assn.*, 479 U.S. 388, 399 (1987). The Supreme Court states "[t]he test is not meant to be especially demanding, in particular, there need be no indication of congressional purpose to benefit the would-be plaintiff. *Id*. 399-400 (*internal citation omitted*). Upon consideration of the above referred paragraphs of the Amended Complaint, it is clear that TRG as a paid agent and the Requesters as principals (including Plaintiff John and Jane Does) are so not marginally related to the purposes of retrieving military records or obtaining of government records inconsistent with the APA and the Privacy Act. In fact, this is what the lawsuit is all about and the issues place Plaintiffs within the "zone of interest" conferring the standing to sue as aggrieved parties.

      C.      <u>Defendants' Actions & Lack of Action Have Denied Plaintiffs Procedural & Substantive Rights of Due Process Giving Rise To the Filing Of This Suit</u>

"Concededly, a fair trial in a fair tribunal is a basic requirement of due process. This applies to administrative agencies which adjudicate as well as courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975)(*internal citation omitted*). "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). The Supreme Court continues:

> Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has the opportunity to show that it is untrue.

Id. at 270. (*internal citation omitted*)

In a tax question case long ago, the Supreme Court decided that '[…] even here a hearing in its very essence demands that he who is entitled to have it shall have the right to support his allegations by argument however brief, and, if need by, by proof however informal." <u>Londoner v. Denver</u>, 210 U.S. 373, 386 (1908).   As for the decision-maker, the Supreme Court has stated "[n]ot only is a biased decisionmaker constitutionally unacceptable but our system of law has always to endeavored to prevent even the probability of unfairness" and the probability of actual bias is "too high to be constitutionally tolerable." *Withrow* v. Larkin at 47. (*internal citation omitted*).   "The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." <u>Wisconsin v. Constantineau</u>, 400 U.S. 433, 437 (1971) (*internal citation omitted*).

It is proper to draw the reasonable inferences that the Defendants failed to engage in any "fact finding", failed to disclose any evidence to support the government's case, allowance for Plaintiff TRG to support its allegations, and to provide for a hearing before an impartial decision-maker.  All basic tenets of substantive and procedural due process which Defendants must provide to Plaintiffs were not complied with especially for TRG who repeatedly was stone-walled, ignored, or the issues subject to the railings of a contemptuous administrator.  *See* Plntfs' Amended Complaint, ¶ 34 (receipt of records within hours); ¶36 (refusal to process requests for processing that was followed up by TRG repeatedly); ¶ 37 (denials for processing citing to "Command Policy" without providing full explanation of same and obviously an opportunity to review an fact-finding, disclosure of the "Command Policy" an opportunity to be heard, etc.); ¶ 37 – (Defendant Robinson vilifying TRG's practices by stating "its's likely your company thrived by taking advantage of the uninformed veteran and the lazy federal employee.")

In addition, Defendant AHRC directly repeatedly reached out to TRG's principals advising that "this command does NOT do business with Touchstone or its affiliates."

Such actions affirmatively harmed TRG's established reputation and resulted in financial harm by way of many complaints. *See* Plntfs' Amended Complaint, ¶ 38. "When a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.* This notice and opportunity were obviously never provided by any Defendant.

One last set of facts to underscore the lack of any transparency by the Defendants, Plaintiff TRG applied formally to obtain access to the DPIS system to electronically obtain the pertinent military record, but received no response, no action, no denial or written explanation from DPRIS office, help desk, the Under Secretary of Defense requesting a response or a letter explaining any denial. *See* Plntfs' Amended Complaint, ¶¶ 47 -50. (For explanatory background on DPRIS – please refer to Plntfs' Amended Complaint, ¶¶ 40-46.) Once again, all requirements of substantive and procedural due process discussed above for actions taken and not taken by Defendants have given rise to Plaintiffs' plausible claims for relief.

In fact, TRG never received any notice of the legal issues and arguments presented by Defendants' motion to dismiss. Nor was any opportunity given by Defendants to Plaintiff to give its own evidence, to defend its position and be heard contemporaneous with the opaque decisions being made by Defendants to deny timely access to military records or action taken to ignore TRG's efforts to obtain information, explanations, responses, etc. completely. In fact, there is no disclosed administrative record Plaintiff TRG has been made previously aware of describing the legal issues raised now by Defendants in their motion to dismiss. *See* Decl. of Martin G. Bayerle, ¶ 5.

Again, "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the *Due Process Clause of the Fifth or Fourteenth Amendment*." Mathews v. Eldrige, 424 U.S. 319, 332 (1976). Plaintiffs have borne the brunt of the heavy-handed handling of this matter by Defendants resulting in substantial financial losses to TRG due to an inability to timely deliver the requested

-8-

documents based on their commitment to their principal requesters. Agent TRG does charge on reasonable fee for its execution of the service it provides that has resulted in refunds and chargebacks.   *See* Plntfs' Amended Complaint, ¶¶ 2, 93.

It is clear that Plaintiff TRG has been deprived of a "property interest" by virtue of the opportunity to earn fees and then avoiding having to refund or charged back same because of Defendants' action or inaction. "This Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest."  *Id.* at 333.

Furthermore, "due process is flexible and calls for such procedural protections as the particular situation demands." *Id*. at 334.  The Defendants offered no prior procedural protections to Plaintiff TRG or its principals when engaged on the issues now offered to support dismissal.

      D.      <u>The Actions and Inaction by Defendants Regarding Decisions Taken Against Plaintiffs Are Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Not In Accordance With Law Giving Rise To Plaintiffs' Claims</u>

"The APA requires meaningful review; and its enactment meant stricter judicial review of agency factfinding than Congress believed some court had previously conducted." <u>Dickinson v. Zurkow</u>, 527 U.S. 150, 162 (1999).   Furthermore, "[a] reviewing court reviews an agency's reasoning to determine whether it is 'arbitrary' or capricious', or, if bound up with a record-based conclusion, to determine whether it is supported by evidence." *Id*. at 164.  "In all cases agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, or constitutional requirements."  <u>Citizens To Preserve Overton Park v. Volpe</u>, 401 U.S. at 413-414 (citing to 5 U.S.C. §§ 706 (2)(A), (B), (C), (D)(1964)ed., Supp. V./ now 5 U.S.C. § 706 (2)(A). Because of the unlawful failure to disclose information to a lawfully designated representative in a timely manner under the Privacy Act, Plaintiffs consider same to meet the arbitrary, capricious standard statutorily described above. *See* Plaintiffs' Amended Complaint, ¶¶  74-79.

Also the failure to provide an appeal process comes under this standard as well. *See* Plaintiffs' Amended Complaint, ¶¶ 82-85. However most important is the catch-all provision of the Paragraph (A) of subsection 706(2) that picks "[…] up administrative conduct not covered by the other more specific paragraphs." <u>Association of Data Processing Service Organizations, Inc. v. Board of Governors</u>, 745 F. 2d 677, 683 (DC Cir. 1984).    It has become apparent that the due process claims fits neatly within this catch-all provision permitting the Court to review this matter in light of the facts pleaded in the Amended Complaint to determine the actions of defendants as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.   No underlying record left Plaintiffs with no choice but to consider the Defendants' actions as final and to commence this suit to obtain relief. Discovery will allow the facts to become known and allow for an amended pleading if required. Certainly from all facts and reasonable inferences, Plaintiffs have plausible claims that the actions and lack of action by Defendants were likely arbitrary, capricious, were an abuse of discretion and at the very least not in accordance with the law as argued herein.

> E.  <u>The Defendants' Motion To Dismiss Is An Exercise In *Post Hoc Rationalization* And Should Be Disregarded In Regard To Arguments Now Raised, But Are Not Part of the Prior Administrative Record</u>

The legal argument advanced by defense counsel lacks any foundation or disclosure in any prior administrative record as far as Plaintiffs can determine. It is imperative the Court focus on the decisions when they were made given for the decision to deny, note any absence of articulation of such decision to the interested parties directly, and whether there was particular process in place. *In <u>Citizens to Preserve Overton Park v. Volpe</u>*, the Supreme Court confirms that affidavits presented instead of the whole administrative record are "[…] merely post hoc rationalizations."[…] "to be viewed critically".  401 U.S. at 419, 420. Recognizing the basis for review required by the APA by section 706 is to be the "whole record' compiled by the agency. Where there are no such formal findings, "[…] it may be that the only way there can be effective

judicial review is by examining the decisionmakers themselves." *Id*. at 420.  " [A court] may not properly affirm an administrative action on grounds different than those considered by the agency."  *Collado v. Astrue*, 2009 U.S. Dist. LEXIS 78053 * 39 (SDNY May 27, 2009). Also, consideration is to be given to disregard post-hoc rationalizations not present in the administrative record. *Id.* at * 42-43.   The reviewing court may not accept appellate counsel's post hoc rationalization for agency action. *Snell v. Apfel*, 177 F 3d 128, 134 (2d Cir. 1999) (quoting *Burlington Truck Lines, Inc. v. U.S.*, 371 U.S. 156, 168 (1962).   The Court should reject any continued attempts at post hoc rationalization by Defendants to justify their actions or lack of action any forthcoming reply from Defendants. What is needed is the administrative record of the decisions made, internal correspondence within departments and between agencies, related, etc. that support  the contemporaneous refusals to provide these records the past six years before this action was commenced.  Likely there will be none that fit the legal defense arguments made by the motion to dismiss and quite possibly prejudicial information may be obtained during discovery that correspond more accurately to and support Plaintiffs' claims for relief.

       F.       <u>The Defendants' Motion To Dismiss For Improper Venue Should Be Dismissed Without Prejudice At This Time Pending Clarification and Substitution of Plaintiffs John and Jane Does And Obtaining Discovery From Defendants</u>

Plaintiff TRG has determined there were 453 specific orders from requesters located within the geographical boundaries of the U.S. District Court of the Southern District of New York between April 2012 and April 2018 that would confirm venue is proper here. TRG is in the process of identifying identity of the certain number persons affected by the government's actions complained of in this suit, i.e. denials and delays that would have affected these requesters adversely.  However, TRG needs time to verify, communicate, and obtain these individual's approvals to proceed with this litigation disclosing their identity in order to perform a substitution. *See* Decl. of Martin G. Bayerle, ¶ 6.

TRG would respectfully direct the Court's attention to the three page form which TRG uses to transact its business with the prior requesters. *See* Decl. of Martin G. Bayerle, annexed Exhibit 1.  For all intents and purposes, it will be noted that the New York address serves as the place of communications, by mail, fax or inquiries, i.e. its "nerve center" to conduct its business interface with the public and others. As evidenced by the Amended Complaint, it is clear that TRG is an internet based business with researchers at various locations throughout the United States to conduct its business with government agencies. It is difficult to conceive a more appropriate forum than New York taking in the disparate, wide-ranging business interactions nation-wise after TRG acts on an authorized request. But it all starts with the presence and contacts in New York held out to those desiring having someone appointed to retrieve their military records. For the sake of judicial economy to keep this all together in one forum and avoid piece-meal litigation, TRG and the Plaintiffs John Does and Jane Does who reside with this District would request the motion to dismiss because of alleged improper venue be denied without prejudice at this time. Thus would allow time for discovery and other efforts to be undertaken by TRG which should allow for the aforesaid substitutions of the Plaintiffs John and Jane Does.

III.    **CONCLUSION**

For all the reasons set forth herein and the supporting Declaration of Martin G. Bayerle with annexed exhibit 1, Defendants' motion to dismiss Plaintiffs' Amended Complaint should be denied in its entirety at this time.

Dated : December 4, 2018
      Lebanon, New Jersey         Respectfully submitted,

                                          s/  Timothy D. Barrow
                                          TIMOTHY D. BARROW
                                          148 Main Street
                                          Lebanon, NJ 08833
                                          Tel: (646) 613-8434 / (908) 236-2229